1

**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
   csanders@sanderslaw.group
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
File No.: 130409

2

3

4

5

*Attorneys for Plaintiff*

6

7

8

9

## UNITED STATES DISTRICT COURT

10

## EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| Corey Sipkin Photography LLC, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| Alex Marshall Studios Inc, | |
| Defendant. | |

12

13

14

15

16

17

18

## COMPLAINT

19

20

Plaintiff Corey Sipkin Photography LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Alex Marshall Studios Inc ("*Defendant*") states and alleges as follows:

21

## INTRODUCTION

22

23

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

24

25

2.     Corey Sipkin ("*Sipkin*")  created a photograph of American singer-songwriter also known as Taylor Swift (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

26

27

28

PLAINTIFF'S COMPLAINT

3.      Defendant owns and operates an Instagram Account with the name @alexmarshallstudioschico (the "*Account*").

4.      Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.      Corey Sipkin Photography LLC is a New York limited liability company and maintains its principal place of business in Kings County, New York.

6.      Upon information and belief, Defendant Alex Marshall Studios In, is a California corporation with a principal place of business at 1095 Nelson Street, Suite 120, Chico in Butte County, California.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

9.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.      Plaintiff's Copyright Ownership**

10.      Plaintiff is a professional photography company which is legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11.      Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's

PLAINTIFF'S COMPLAINT

photographs while many others are the subject of pending copyright applications.

13.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.     On October 1, 2023,  Sipkin first published the Photograph.  A copy of the Photograph is attached hereto as Exhibit 1.

15.     In creating the Photograph, Sipkin personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

16.     On December 5, 2023, the Photograph was registered by the USCO under Registration No. VA 2-379-358.

17.     Sipkin created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18.     Thereafter, Plaintiff obtained the rights to the Photograph through a valid transfer agreement.

**B.     Defendant's Infringing Activity**

19.     Defendant is the registered owner of the Account and is responsible for its content.

20.     Defendant is the operator of the Account and is responsible for its content.

21.     The Account is a key component of Defendant's popular and lucrative commercial enterprise.

22.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

23.     Upon information and belief, Defendant's internal policies, if any, are

PLAINTIFF'S COMPLAINT

either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

24.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

25.     On or about February 9, 2024, Defendant displayed the Photograph on the Account as part of a social media post at URL: https://instagram.com/seo/google_widget/crawler/?media_id=3299355991840118803. A copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

26.     Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Account.

27.     Plaintiff discovered the Infringement on June 20, 2024.

28.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized uses set forth above is referred to as the "*Infringement*").

29.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

30.     The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

31.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not

PLAINTIFF'S COMPLAINT

limited to Plaintiff's Photograph.

32.     Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

33.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

34.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

35.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

36.     Upon information and belief, Defendant monitors the content on its Account.

37.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

38.     Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase its business revenue.

39.     Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Account.

40.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41.     Defendant's use of the Photograph harmed the actual market for the Photograph.

42.     Defendant's use of the Photograph, if widespread, would harm

PLAINTIFF'S COMPLAINT

Plaintiff's potential market for the Photograph.

43. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

44. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

45. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

46. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

47. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

50. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account.

PLAINTIFF'S COMPLAINT

51.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

52.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## JURY DEMAND

53.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**P, Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

        a.      finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

        b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

        c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

PLAINTIFF'S COMPLAINT

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: July 30, 2024

    **SANDERS LAW GROUP**

    By: _/s/ Craig Sanders_
    Craig Sanders, Esq. (Cal Bar 284397)
    333 Earle Ovington Blvd, Suite 402
    Uniondale, NY 11553
    Tel: (516) 203-7600
    Email: csanders@sanderslaw.group
    File No.: 130409

    *Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT